## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| CARLYNDA DICKINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:15-00063-N |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Carlynda Dickinson brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income ("SSI"). The parties have consented to the exercise of jurisdiction by, and this case has been ordered referred to, the undersigned United States Magistrate Judge for all proceedings in this Court pursuant to 28 U.S.C. § 636(c). *See* Docs. 17, 18. The parties have waived oral argument. Docs. 16, 19.

Upon consideration of the administrative record ("R.") (Doc. 11), Plaintiff's Brief (Doc. 13), and the Commissioner's Brief (Doc. 14), the Court has determined that the Commissioner's decision denying Plaintiff's benefits should be **AFFIRMED**.[1]

---

[1] Any appeal taken from this memorandum opinion and order and simultaneously entered separate judgment may be made directly to the Eleventh Circuit Court of Appeals. *See* Doc. 23.

## I.   **Procedural Background**

Plaintiff filed an application for SSI on December 6, 2011 (*see* R. 168-73), alleging a disability onset date of June 1, 2011. *See* R. 168. Her application was initially denied. *See* R. 94-98. Hearings were conducted before Administrative Law Judge Walter V. Lassiter, Jr., ("the ALJ") on March 28, 2013. *See* R. 46-72. On June 15, 2013, the ALJ issued a decision finding Plaintiff not disabled. R. 26-45. The Appeals Council issued a decision declining to review the ALJ's determination on December 16, 2014 (*see* R. 1-7), rendering the Commissioner's decision final for purposes of judicial review (*see* 20 C.F.R. § 404.981). Claimant timely filed a complaint in this Court on February 6, 2015. *See* Doc. 1.

## II.   **Factual Background**

Plaintiff is a resident of Lower Peach Tree, Alabama (Doc. 1 at 1), born November 15, 1980. R. 168. She was 32 at the time of the hearing before the ALJ. R. 46, 168. She completed tenth grade and does not have a GED. *See* R. 202. She does not have any relevant work experience. R. 38 *compare* 20 C.F.R. § 416.968. She has not engaged in substantial gainful activity since before the application date of November 30, 2011. R. 31. Plaintiff suffers from a number of medical issues. R. 31. She has severe impairments which include metatarsal calluses, mild/minimal hallux valgus deformities in both feet, interdigital plantar keratosis, bilateral moderate mixed sensory peripheral neuropathy of the lower extremities, hammer toe, and chondromalacia of the left knee. *Id*. She also has non-severe impairments which include a past contusion of the left chest wall, a previously-repaired hernia, a history

of back pain, a history of back spasms, depression, a previous bunionectomy, gastroenteritis epigastric abdominal pain, mild inflammation of the colon, hamartoma of the right breast, situational anxiety, reflux esophagitis, and possible pain disorder with anxiety and depression. *Id.*

Donald Blanton, Ph.D., conducted consultative examinations of the Plaintiff on February 22, 2012, and March 6, 2013. R. 534-36, 672-75. At the first consultative examination, he estimated her intelligence to be below average. R. 534-36. At the second consultative examination, he administered the Wechsler Adult Intelligence Scale (WAIS-IV), yielding a full-scale IQ score of 66. R. 673. He also administered the Wide Range Achievement Test (WRAT-III), indicating reading skills on a sixth-grade level and spelling and math skills on a fourth-grade level. *Id.* He diagnosed Plaintiff with mild mental retardation and with pain disorder with anxiety and depression. R. 674.

### III.   <u>Claims on Appeal</u>

On appeal to this Court, Plaintiff asserts that the Commissioner's decision to deny benefits is in error (*i.e.*, not supported by substantial evidence) on the following grounds:

1. The ALJ committed reversible error in finding Ms. Dickinson did not have mental retardation as diagnosed by the consultative examiner, Donald W. Blanton, Ph.D.

2. The ALJ committed reversible error in finding that Ms. Dickinson fails to meet Listing 12.05C.

Doc. 13 at 1.

### IV.    <u>Standard of Review</u>

In all Social Security cases, a plaintiff (sometimes referred to as a claimant) bears the burden of proving that he or she is unable to perform his or her previous work. *Jones v. Bowen*, 810 F.2d 1001, 1005 (11th Cir. 1986). In evaluating whether that burden has been met, and thus a claimant has proven that he or she is disabled, the examiner (most often an ALJ) must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the plaintiff's age, education, and work history (*see id*); and, in turn,

> uses a five-step sequential evaluation to determine whether the claimant is disabled, which considers: (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the [residual functional capacity, or] RFC[,] to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Soc. Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. 2012) (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)).

If a plaintiff proves that he or she cannot do his or her past relevant work, it then becomes the Commissioner's burden to prove that the plaintiff is capable—given his or her age, education, and work history—of engaging in another kind of substantial gainful employment that exists in the national economy. *Id.*;

*Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999); *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985). Finally, but importantly, although "the [plaintiff] bears the burden of demonstrating the inability to return to [his or] her past relevant work, the Commissioner of Social Security has an obligation to develop a full and fair record." *Shnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted).

The task for this Court is to determine whether the Commissioner's decision to deny a plaintiff benefits is supported by substantial evidence. Substantial evidence is defined as more than a scintilla but less than a preponderance, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "In determining whether substantial evidence exists, [a court] must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. App'x 995, 996 (11th Cir. Apr. 1, 2010) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005)). "Even if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is **supported by** substantial evidence." *Id.* (citing *Crawford v. Commissioner of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)) (emphasis added).

## V.   <u>Analysis</u>

The Plaintiff argues that the ALJ improperly rejected the opinion of

consulting examiner, Donald W. Blanton, Ph.D. Doc. 13 at 1. The opinion of Dr. Blanton was submitted in part to meet Listing 12.05C. *See* R. 37. Qualification under Listing 12.05C requires, among other criteria, a "valid verbal performance or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *See* 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C. "To 'meet' a Listing, a claimant must have a diagnosis included in the Listings and must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002). The burden is on the Plaintiff to show that her limitations meet a listed impairment. *See Baron v. Sullivan*, 924 F.2d 227, 229 (11th Cir. 1991). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). The ALJ is not required to accept all IQ scores submitted to him and may evaluate the consistency of a score with the medical reports and other evidence in the record. *Popp v. Heckler*, 779 F.2d 1497, 1499-1500 (11th Cir. 1986) (ALJ may disregard IQ test results that are inconsistent with other record evidence because the regulations require the ALJ to examine intelligence tests and other evidence, such as the medical report and the claimant's daily activities and behavior).

The ALJ rejected the Plaintiff's IQ score for the purpose of Listing 12.05C's "full scale IQ of 60 through 70" requirement for two stated reasons. R. 38.   First,

considering the "context in which it was produced," the ALJ noted that the examination was made through "attorney referral" and the expert was "presumably paid." *Id.* Despite this context, the ALJ acknowledged that "such evidence is certainly legitimate and deserves due consideration." *Id.* The ALJ further concluded that the IQ score is inconsistent with the record.   Specifically, the ALJ noted that the Plaintiff:

> does not report having any mental limitations, and specifically, issues with her memory, concentration, understanding, following instructions or getting along with others. In fact, the claimant reports that she follows written and spoken instructions well.

*Id. compare* R. 216. Plaintiff argues that such evidence cannot be discredited merely because it is obtained by a claimant's attorney. Doc. 13 at 4 (*citing Miles v. Chater*, 84 F.3d 1397 (11th Cir. 1996)). However, the ALJ acknowledged that "such evidence is legitimate . . ." R. 38. The ALJ discounted the IQ opinion based on inconsistency with the record regarding Plaintiff's adaptive functioning, which comports with the requirements of *Popp*. *See* 779 F.2d at 1499-1500 (11th Cir. 1986) (citing *Strunk v. Heckler*, 732 F.2d 1357, 1360 (7th Cir. 1984)) *compare* 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.").

In addition to being evidence in itself, a "valid IQ score creates a rebuttable presumption that the claimant manifested deficits in adaptive functioning prior to the age of twenty-two," a requirement of Listing 12.05C. *Myers v. Colvin*, 2014 WL 4722213, *6 (S.D. Ala. Sept. 23, 2014) *citing Hodges v. Barnhart*, 276 F.3d 1265, 1268-69 (11th Cir. 2001); 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C. "This

presumption can be rebutted when the IQ score is inconsistent with record evidence of a claimant's daily activities and behavior." *Myers*, 2014 WL 4722213, *6 *citing Popp v. Heckler*, 779 F.2d at 1499-1500. The Eleventh Circuit has found that an ALJ did not err in finding that the *Hodges* presumption was rebutted where the claimant drove, prepared simple meals, dressed and groomed herself, attended church, and socialized with friends. *Hickel v. Comm'r of Soc. Sec.*, 529 Fed. Appx. 980, 984 (11th Cir. 2013) ( "[A] valid I.Q. score need not be conclusive of mental retardation where the I.Q. score is inconsistent with other evidence in the record on the claimant's daily activities and behavior.")

In evaluating Plaintiff's adaptive functioning in the instant case, the ALJ noted that Plaintiff was able to meet her personal needs, prepare simple meals, and perform chores. R. 34 *compare* R. 210-11. Limitations in preparing meals or performing chores were attributed to physical limitations, rather than mental ones. R. 221. Additionally, the ALJ noted that Plaintiff had a driver's license and was able to pass a written test. R. 34. She shopped, cleaned, paid bills, counted change, and spent time with others. R. 34 *compare* R. 211-13. The ALJ's evaluation of Plaintiff's IQ score for consistency with her adaptive functioning comports with the standards set by *Popp* and *Hickel*. *See* 779 F.2d at 1499-1500 *and* 529 Fed. Appx. at 984.

Qualification under Listing 12.05C requires that claimant have a "valid verbal performance or full scale IQ of 60 through 70." *See* 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C. The ALJ found, due to conflicting evidence in the record, that Plaintiff's IQ score was not valid. R. 34-38. Because Plaintiff did not have a valid IQ

score, as determined by the ALJ, she could not meet the requirement of Listing 12.05C which explicitly called for such a score. *See* 20 C.F.R. § 404, Subpart P, Appendix 1, § 12.05C. As discussed above, the ALJ's finding complied with relevant Eleventh Circuit precedent. R. 34-38 *compare Popp*, 779 F.2d at 1499-1500 *and Hickel* 529 Fed. Appx. at 984. The ALJ, as the trier of fact, has the duty to resolve conflicts in the evidence. *See Richardson v. Perales*, 402 U.S. 389, 399 (1971). It is not the place of this Court to re-weigh the evidence or substitute its judgment for that of the ALJ. *See Winschel*, 631 F.3d at 1178. In the last analysis, the record evidence does not support Plaintiff's assignments of error. Rather, the record as a whole reflects that the ALJ's decision was supported by substantial evidence.

## VI.  <u>Conclusion</u>

Accordingly, it is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be **AFFIRMED**.

**DONE** and **ORDERED** this the 25th day of March 2016.

<u>/s/ Katherine P. Nelson</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**